# EXHIBIT C

**EEO Acceptance Letter – Plaintiff's Amended Complaint**

# EXHIBIT C



**U.S. Department of Justice**

Federal Bureau of Investigation

---

7/22/2021
VIA EMAIL

David Shaffer, Esq.
Libbey Van Pelt, Esq.
Kelley Brooks Simoneaux, Esq.
David Shaffer Law, PLLC.
1629 L Street NW, Suite 300
Washington, DC 20006

      RE:  KAREN M. VELTRI AND
           MERRICK B. GARLAND, ATTORNEY GENERAL
           U.S. DEPARTMENT OF JUSTICE
           COMPLAINT OF DISCRIMINATION
           BASED ON SEX (FEMALE) AND REPRISAL
           FILE NUMBER:  FBI-2021-00042
           FILED: FEBRUARY 1, 2021 (RECEIVED IN EEO)

Dear Mr. Shaffer:

    Reference is made to your client's, Karen M. Veltri, emails to this office dated June 26, 2021, and July 12, 2021.  In her emails, she seeks to amend her complaint to include additional incidents of alleged discrimination.

    The regulations at 29 C.F.R. Section 1614.106(d) provide that a complainant may amend a complaint at any time prior to the conclusion of an investigation to include issues that are "like or related" to those raised in the complaint.  The U.S. Equal Employment Opportunity Commission (EEOC) has stated that, in deciding if a subsequent issue is "like or related" to the underlying complaint, a determination must be made as to whether the later incident adds to or clarifies the original issue and/or could have reasonably been expected to grow out of the investigation of the original issue. See <u>Scher v. U.S. Postal Service</u>, EEOC Request No. 05940702 (May 30, 1995). Because the new issues are deemed "like or related" to issues in your client's underlying complaint, they are being added as an amendment to the complaint.

David Shaffer, Esq.
Libbey Van Pelt, Esq.
Kelley Brooks Simoneaux, Esq.

> The issues accepted for investigation are modified as follows:
>
> Whether complainant was discriminated against and subjected to hostile work environment harassment based on sex (female) and reprisal for prior EEO activity when, allegedly:
>
> 1. In March 2020, executive management painted her as a "hysterical female" in a state of "overreaction" to the pandemic;
>
> 2. Beginning in May 2020, the Special Agent in Charge (SAC) and Assistant Special Agent in Charge (ASAC) delayed her 30-day follow-up check-in to August 2020;
>
> 3. Beginning May 5, 2020, the SAC and ASAC delayed the approval of a time sensitive investigative technique;
>
> 4. Between April 2020 and December 2020, the SAC minimized the success of a nationally recognized case under her programmatic area of responsibility, refused to acknowledge awards received by her and the Joint Terrorism Task Force (JTTF), and told a media representative not to "shine a light on the JTTF";
>
> 5. Throughout 2020, the SAC and ASAC excluded and ostracized her from recognition awards, incentive awards, local career boards, and field office inspections;
>
> 6. On May 31, 2020, the SAC chastised her in front of a group of co-workers;
>
> 7. On November 11, 2020, the SAC and ASAC refused to acknowledge or recognize her achievements, to include Integrated Program Management (IPM) accomplishments, on her performance evaluations;
>
> 8. On several occasions from January 2020 to February 2021, executive management excused her male counterpart from certain duties and

2

David Shaffer, Esq.
Libbey Van Pelt, Esq.
Kelley Brooks Simoneaux, Esq.

    responsibilities while she was not excused from the same duties and responsibilities;

9. On February 17 and 19, 2021, respectively, after disclosing alleged sexual harassment, the SAC and ASAC threatened to report her to the Office of Professional Responsibility, and the ASAC published "feedback" related to professionalism in her performance folder;

10. As of February 17, 2021, the SAC and ASAC have required her to work directly with her alleged harasser;

11. On May 11, 2021, the SAC yelled at her in front of her co-workers for using the restroom during the meeting, and, when she explained why she used the restroom, he rolled his eyes, shrugged, grunted, and angrily walked away;

12. From June 9, 2021, to the present, the SAC and ASAC have not acknowledged her receipt of the Unit Meritorious Award from the Las Vegas Metropolitan Police Department;

13. On June 22, 2021, the SAC did not acknowledge her, and she had to introduce herself to speakers and thank them for their presentation during an event;

14. From May 12, 2021, to the present, the SAC and ASAC failed to provide her with additional ancillary duties whereas her male counterparts have been provided such opportunities;

15. From May 12, 2021, to the present, the SAC has continuously and purposely blocked her applications to promotional opportunities outside of the Las Vegas Division; and

16. On July 7, 2021, the SAC instructed employees to refrain from engaging with her and required that she be excluded from previously and regularly attended meetings or events within the Las Vegas Division.

David Shaffer, Esq.
Libbey Van Pelt, Esq.
Kelley Brooks Simoneaux, Esq.

    Whether complainant was subjected to sexual harassment when:

17. November 2020 to February 2021, a Supervisory Special Agent sent her numerous inappropriate text messages, to include photographs of alcohol, guns, and a sex toy mimicking male genitalia.

    Your client alleged that Issue (14) dates back to December 2019, and Issue (15) dates back to October 2020. The regulations at 29 C.F.R. § 1614.105(a)(1) provide that an aggrieved individual must initiate contact with an EEO Counselor within 45 days of the effective date of a personnel action. Furthermore, the U.S. Equal Employment Opportunity Commission (EEOC), citing the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), has held that discrete acts must be raised within 45 days of their occurrence to be considered timely. The EEOC has also held that the 45-day period for initiating EEO counseling applies to requests to amend. See Woolery v. Dep't of Treasury, EEOC Appeal No. 0120061746 (April 12, 2007); Coley v. Dep't of the Air Force, EEOC Appeal No. 01A22374 (Aug. 15, 2003). Here, the incidents that comprise Issues (14) and (15) are considered discrete acts. As they are discrete acts, the issues are only timely from 45 days prior to the complainant's amendment request, i.e., May 12, 2021.

    Lastly, you were previously advised in my letter dated February 5, 2021, that when a complaint has been amended, the agency must complete its investigation within the earlier of a) 180 days after the last amendment to the complaint, or b) 360 days after the filing of the original complaint. Therefore, due to your amendment, the deadline for completion of the investigation is extended to January 10, 2022[1]. The investigation of your EEO complaint may also be extended an additional 90 days beyond the January 10, 2022, deadline, if you agree to such in writing, pursuant to 29 C.F.R. § 1614.108(e). The FBI, however, may unilaterally extend the time period, or any period of

---

[1] Because the 180th day falls on January 8, 2022, which is a Saturday, the time to complete the investigation is extended to the next business day, i.e., January 10, 2022. See 29 C.F.R. § 1614.604 (d).

4

David Shaffer, Esq.
Libbey Van Pelt, Esq.
Kelley Brooks Simoneaux, Esq.

extension, for no more than 30 calendar days to sanitize the completed ROI.

    If you have any questions regarding this matter, please contact Equal Employment Specialist Angela M. Clarke at (202) 323-1362.

                                       Sincerely yours,

                                       *A. Tonya Odom*

                                       A. Tonya Odom
                                       Assistant Director-
                                       Equal Employment Opportunity
                                       Officer

Cc: SSA Nicole M. Sinegar – VIA EMAIL